No. 21.—WELCH, SHERMAN & Co., plaintiffs in error, *vs.* SAMU-EL ALLIGOOD, defendant, and ARCHIBALD RICHARDSON, garnishee, defendants in error.

[1.] An attachment in a Justice's Court may be levied on any debt due to the debtor, even on one exceeding thirty dollars in amount.

[2.] Issues in Justice's Courts, made up on the return of the garnishee, are to be tried by a jury.

Garnishment in Justice's Court, in Baker Superior Court. Decision by Judge ALLEN, at May Term, 1857.

Welch, Sherman & Co., brought suit in a Justice's Court, against Samuel Alligood, and summons of garnishment under our statute was served upon Archibald Richardson. At the appearance term, the garnishee filed his answer, denying that he was indebted to said Alligood any thing. Plaintiffs traversed his answer, and evidence was offered which showed that there was a matter in controversy between Alligood and Richardson involving the amount of two hundred dollars; and the Justice, after hearing the testimony, gave judg-

ment for the plaintiffs, and did so without the intervention of a jury.

Richardson, the garnishee, excepted to the judgment and applied for a certiorari, to have said judgment reversed by the Superior Court.

Upon the hearing, the Court sustained the certiorari, holding that a Justice of the Peace had no jurisdiction where the amount in controversy exceeded thirty dollars, and ordered the proceedings in the Justice's Court to be dismissed; to which decision, plaintiffs excepted.

SMITH, for plaintiffs in error.

SPICER, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] May attachments in Justice's Courts be levied on debts exceeding thirty dollars, or only, on debts, not exceeding thirty dollars?

They may be levied on debts of any size.

They may be levied on whatever is the "estate" of the debtor, so says the Act of 1811, to amend the "Judiciary Acts," "so far as relates to Justice's Courts." The act uses the word "estate;" and uses it in such a connection, as to make it manifest, that the word was intended to include debts; and debts whatever their size, are debts. *Cobb's Dig.* 660.

The same word, "estate," and in connection with words almost the same, is used in the attachment Act of 1799, relating to the Superior and Inferior Courts. *Id.* 70. And, in that act, the word, beyond question, includes debts of any size.

Attachments in Justice's Courts may be levied on *property*, though the value of it, exceed thirty dollars; as, on a horse worth, say, two hundred dollars. Is there any reason why

a debt for two hundred dollars should not in like manner be subject to attachments in those Courts?

And then final process from a Justice's Court may be levied on property, real or personal, though that property exceed thirty dollars in value. Why then should it not be so too, as to original process?

It is true, that the same Act of 1811, says, that the Justices of the Peace, "shall have authority and jurisdiction, to hear and determine all suits on any liquidated demand or account, for any sums not exceeding thirty dollars;" but it is equally true, that the act says this, in reference to original suits, not in reference to collateral or ancillary suits like garnishments.

Besides, even in garnishments, where the debt exceeds thirty dollars, the *judgment given*, is never given for more than thirty dollars.

We think, then, that an attachment in a Justice's Court, *may* be levied on a debt, even if the debt happen to amount to more than thirty dollars.

[2.] Is the issue made up on the return of the garnishee, to be tried by a jury? It is. The words of the statute, used in reference to such issue, are, "and the same shall be tried at the next term, by a jury of five persons." *Cobb's Dig.* 660.

The result is, that the judgment of the Court below allowing the certiorari, and dismissing the garnishment, ought to be reversed; and also, that the judgment of the magistrate rendered on the issue, ought to be set aside, and the issue submitted to a jury.

Judgment reversed